Dear Mr. Accardo:
You have requested the opinion of this office regarding contracts for engineering services by the South Louisiana Port Commission (the Port) for improvements to be made to Port facilities with Transportation Trust Fund monies allocated to the Port by the Louisiana Department of Transportation and Development.
Documentation which you have provided indicates that in May, 1992 the Port, pursuant to a request for proposals (RFP), entered into a consulting engineering contract with AACO Engineering Inc. Supplemental agreements to the basic engineering contract have since been entered for various specifically described services, including design and construction management for Phase I of the Riverplex Terminal Improvement Project.
Prior to approval of Phase II of the Riverplex Terminal improvements by DOTD, a directive dated December 28, 1992 was received from DOTD setting forth "Minimum Criteria for Evaluation of Capabilities and Selection of Engineering Consultants for Projects Funded Under the Port Construction and Development Priority Program". These new Minimum Criteria essentially require that engineers selected to design and supervise projects funded by DOTD must be selected by means of an RFP process which is outlined in detail in the directive. The directive also indicates that projects for which an application has been submitted to DOTD and for which the Port has entered into an engineering services contract before January 1, 1993, may be approved by submission of an appropriate resolution of the Port Commission and a copy of the previously executed contract.
This legal issue requires focus on whether engineering services for Phase II of the Riverplex Improvement Project, now approved and funded by DOTD, can be provided under the existing contract with AACO, or must be separately awarded by means of a new RFP process conforming to the new DOTD directive and the Port Commission's statutory requirements in La. R.S.34:2473(B)(3).
The answer to this question would appear to be dictated by the intended scope of the original consulting engineering contract awarded in May to AACO. The RFP broadly requested proposals to handle the Port's "consulting engineering services". I am advised that it is common practice in government and industry for such consulting engineering contracts to encompass design and construction management as well as routine consultations which arise in the course of operation of large facilities. However, we have no indication of the specific intent of the Port's Commission or Director when proposals were solicited in April, 1992 with regard to the handling of future construction engineering assignments.
Therefore, we would advise that the minutes of the Port's meetings when the RFP was authorized, when proposals were evaluated and when the contract was awarded, along with any contemporaneously made notes should be examined to determine the intent of the Commission for the scope of the original contract. The recollections of participating Commission members, as well as past practices of the Port in such contractual matters may well be useful in establishing the intended scope.
If this review results in the conclusion that the scope of the existing contract was to include design and construction management of all phases of these improvements, then the contract should be acceptable to DOTD after compliance with the requirements of paragraph "b." of Mr. Patin's December 28, 1993 letter.
If the intent is determined not to have been of this broad scope, the Port should begin the process for selecting a new engineer for Phase II by means of the RFP process dictated both by the DOTD directive and La. R.S. 34:2473(B)(3).
I trust that this answers your inquiry. Please advise if we may be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:405